**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4612**

_____

UNITED STATES OF AMERICA,

           Plaintiff – Appellee,

    v.

MAKUM LAMONT MCCOLLUM,

           Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:13-cr-01012-RBH-1)

_____

Submitted:  February 12, 2015     Decided:  February 25, 2015

_____

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Makum Lamont McCollum appeals from his conviction and 151-month sentence imposed pursuant to his guilty plea to distribution of crack cocaine. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he had found no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 and whether the district court's sentence was reasonable. Although advised of his right to do so, McCollum did not file a supplemental pro se brief. The Government also declined to file a brief. After a thorough review of the record, we affirm.

Prior to accepting a guilty plea, the trial court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea is voluntary, was supported by a sufficient factual basis, and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3); DeFusco, 949 F.2d at 119-20.

2

Because McCollum did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, the plea colloquy is reviewed for plain error. United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). Our review of the record reveals that the district court fully complied with Rule 11 in accepting McCollum's guilty plea during a thorough hearing. Accordingly, his plea was knowing and voluntary, and, consequently, final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We review McCollum's sentence for reasonableness, applying a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We first ensure that the district court committed no "'significant procedural error,'" including improper calculation of the Sentencing Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, or inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (quoting Gall, 552 U.S. at 51). During the district court's explanation of a selected sentence, while it must consider the statutory factors and explain the sentence, it need not "robotically tick" through every § 3353(a) factor on the record, particularly when imposing a sentence within the properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). At the same time, the

3

district court "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50. "This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

Here, the parties agreed that the Guidelines were appropriately calculated. Further, the district court provided adequate explanation of its sentence. The court noted the seriousness of McCollum's conduct, his past criminal history, and the need for deterrence. The court explicitly stated that it considered both the statutory factors and McCollum's arguments for a variance and concluded that a sentence at the bottom of the Guidelines range was appropriate. We therefore conclude that the sentence is procedurally reasonable.

When we find a sentence procedurally reasonable, we then must examine its substantive reasonableness, considering "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). A within-Guidelines sentence is presumed reasonable on appeal, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable

4

when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Here, McCollum's sentence was within his Guidelines range. While the court did not grant McCollum's request for a variance, the court reasonably explained that McCollum's conduct was serious and that a longer sentence was advisable to deter any further criminal conduct. The record does not provide any basis to overcome the presumption of reasonableness. Thus, we find that the court's sentence was substantively reasonable.

Our review pursuant to Anders has revealed no meritorious issues for review. Accordingly, we affirm McCollum's conviction and sentence. This Court requires that counsel inform McCollum in writing of his right to petition the Supreme Court of the United States for further review. If McCollum requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McCollum. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

5